# FRISBIE, ROGERS & CO. v. LYMAN H. FELTON.

### FRANKLIN COUNTY, 1893.

Before : Ross, Ch. J., Taft, Rowell and Tyler, JJ.

*Principal not bound by representation of agent as to authority.*

The plaintiffs being about to begin the manufacture of lime employed O to assist them. O purchased materials, made contracts, and to some extent exercised supervision over the men for a short time, representing that he was a member of the firm. During this time he asked the defendant if he would sell the plaintiffs two or three carloads of lime. Afterwards he ordered a carload sent to him at New York, promising to send his check in ten days. The lime was for O's private use, but the defendant supposed it was for the plaintiffs, and charged it to them. The referee found that the defendant was justified in supposing from what O did and his representations that he was a partner or special agent, but that the plaintiffs did not hold him out as such or know that he so held himself out. *Held*, that the plaintiffs were not liable, for

*a.* The defendant was not justified in supposing that O had authority to bind the plaintiffs, and

*b.* It did not appear that O professed to order this lime for them.

Assumpsit. Pleas, the general issue, payment and set-off. Heard on the report of a referee at the September term, 1892, Start, J., presiding. Judgment for the plaintiff. The defendant excepts. The case appears in the opinion.

*Farrington & Post* for the defendant.

The plaintiffs having permitted Osborn to act for them in purchasing materials, were bound by his contract in this instance. *Cutler* v. *Estate of Thomas*, 25 Vt. 73 ; *Smith* v. *Hill et al.*, 45 Vt. 90 ; *Hicks & Co.* v. *Crain & Hutchinson*, 17 Vt. 449 ; *Cotrell* v. *Vandusen*, 22 Vt. 511 ; *Stevens* v. *Haven et al.*, 14 Vt. 540 ; *Kinsley* v. *Fitts & Avery*, 51 Vt. 414 ; *Griggs* v. *Selden*, 58 Vt. 561.

*H. A. Burt* and *D. W. Steele* for the plaintiff.

TYLER, J.   To understand the force of the defendant's exceptions it is necessary to state the material facts found by the referee, which are as follows :   In May, 1891, five persons in New York City formed a copartnership under the name of Frisbie, Rogers & Co., for the purpose of manufacturing lime at Highgate Springs in this State, and selling the same in New York and other places.   In that month Frisbie, who was a partner and the manager of the business, went to Highgate Springs, and began to repair the works preparatory to commencing business.   A few days later H. S. Osborn went to the works and remained two or three weeks, and assisted in ,getting the. business started, and at Frisbie's request "purchased materials to be used in the works, and made contracts for and in behalf of and in the name of the firm in buying or contracting for the materials, and to some extent gave directions to the men employed." All the members of the firm were strangers to the defendant and to the people in that vicinity.   In what Osborn did he acted in such a manner as might induce the belief that he was personally interested in the business, either as partner in or special agent of the firm.   He claimed to the defendant and others that he was a partner, though he was not one in fact, and the firm did not know that he had claimed to be one until the next November or December. His wife was a member of the firm.

The defendant was a manufacturer of lime at the same

place.   Between June 1st and 15th of that year Osborn met him in the cars, and asked him if they could purchase two or three carloads of lime of him if they should require it, to which the defendant replied that they could, and he instructed Ward, who was his clerk and the supervisor of his lime works, to let them have it if they ordered it.   On June 15 Osborn ordered a carload of lime through Ward, and promised to send his check for it in ten days.   The order was filled, and the lime shipped to Osborn in New York. The purchase was made by Osborn for himself to supply his own trade.   The defendant was not present when the lime was ordered, but from the acts of Osborn in assisting the firm, as stated, his claiming to be a member thereof, and from his conversation in the cars, the defendant was led to believe that he was a partner, and when he learned of the shipment considered the sale as made to the firm.

The plaintiffs had no benefit from or interest in the lime, in no way authorized its purchase, and had no knowledge at the time it was ordered that the defendant claimed to hold them liable for it.

The plaintiffs had an undisputed demand against the defendant, and the defendant had a demand against the plaintiffs which they did not contest.   The controversy was whether the defendant should also be allowed $80 for the carload of lime.

Upon the facts reported the defendant was not entitled to be allowed this item.   Osborn was employed by the plaintiffs for the special purpose of assisting them in starting their works, and had no authority from them beyond what was incident to that employment.   He was not held out by them as a partner or special agent, and his representations that he was a partner emanated wholly from himself, and were made without the plaintiffs' knowledge.   Furthermore, it did not appear that Osborn made the purchase on the plaintiffs' credit.   It seems to have been made on his own,

and the plaintiffs did nothing to lead the defendant to suppose that the sale had been made to them.

The defendant requested the referee to find,

1.   Whether Frisbie, Rogers & Co. had knowledge of the acts of Osborn in and about the business of the firm.

2.   Whether the conduct of the firm and of Osborn was such that the defendant was justified in believing them to be partners.

3.   Whether from the evidence introduced the defendant was justified in giving credit to the plaintiffs for the carload of lime.

The first request is fully answered in the report.   There is nothing in the report to show that the defendant was justified in giving the plaintiffs credit for the lime, and there is nothing presented to this court by affidavits or otherwise to show that there was evidence before the referee to warrant a recommitment of the report for a compliance with the second and third requests.   So far as appears, the referee has found and reported all the facts which the evidence justified.   No acts of plaintiffs are shown in the report to justify the defendant in believing that Osborn was a partner.

The court below properly overruled the exceptions and the motion to recommit, and rendered judgment for the plaintiffs for the larger sum named in the report.

*Judgment affirmed.*